**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Dustin Wayne Herring, Plaintiff -vs- Maricopa County Sheriff's Office, et al., Defendants. | CV-15-0911-PHX-DGC (JFM) **Report and Recommendation** |

    The Court's Scheduling Order, filed February 4, 2016 (Doc. 19), directed the parties to confer and to "submit to the Court their **Joint** Discovery Plan/Rule 26(f) Planning Meeting Report on or before **March 21, 2016**." (*Id.* at 5 (emphasis in original).) The Order further provided that "Defendants are responsible for initiating the conference between the parties, and for drafting and submission of the Joint Discovery Plan/Rule 26(f) Planning Meeting Report." (*Id.* at 7.)

    On March 21, 2016, Defendants filed a unilateral plan, noting that the parties had conferred on February 22, 2016, a draft plan had been forwarded to Plaintiff on February 24, 2016, and despite subsequent correspondence, Plaintiff has failed to return his revisions or consent to the draft plan.

    The Court directed the filing of a **Joint** plan, and it appeared that Plaintiff had failed to cooperate in the preparation of a joint plan. Rule 16(f), Federal Rules of Civil Procedure, provides for sanctions, including dismissal of an action, for failure to comply with the Court's scheduling order and to participate in pretrial planning. Accordingly, on March 24, 2016, the Court issued an Order (Doc. 26) giving Plaintiff fourteen days from the filing of the order, to file a response showing cause why this case should not be dismissed (or other sanctions imposed) as a result of Plaintiff's failure to participate in the planning process as previously ordered.

Plaintiff has not responded.

Federal Rule of Civil Procedure 16 allows sanctions for a party's failure to obey a scheduling or pretrial order. Upon such a failure by a party, the court "may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Fed.R.Civ.P. 16(f). The sanctions permitted under Rule 37(b)(2)(B), (C) and (D) are an "order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence," "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party," or an order of contempt.

Federal Rule of Civil Procedure 41(b) also allows the involuntary dismissal of an action or a claim for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Although the text of Rule 41(b) speaks in terms of a defense motion for dismissal, the Rule also permits the court to sua sponte dismiss an action for failure to prosecute or failure to comply with court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

The standards for dismissal under Rule 16(f) and Rule 41(b) for failure to obey a court order "are basically the same." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987), *cert. denied*, 488 U.S. 819 (1988).  Before dismissing a case under Rule 16(f) or Rule 41(b), "the district court must weigh several factors: the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir.1996).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to participate in discovery planning and to respond to the Court's order to show cause prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal.

The fifth factor requires the Court to consider whether a less drastic alternative is available. "The following factors are of particular relevance in determining whether a district court has considered alternatives to dismissal: (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" *Malone,* 833 F.2d at 132. Taking those in reverse order, here the Court warned Plaintiff that "sanctions, including dismissal of an action" were possible. (Order 3/24/16, Doc. 26 at 1.) The Court attempted to cure the malfeasance by cautioning Plaintiff and directing him to explain his non-compliance. (*Id.*)

Without Plaintiff's participation or responsiveness to the Court, most alternatives are bound to be futile. Plaintiff's actions indicate his intent and willingness to abandon the litigation. Thus, restricting evidence, striking pleadings, or staying proceedings are unlikely to produce anything beyond Plaintiff's continued silence. An order of contempt is unlikely to be effective. Plaintiff is already incarcerated, and is appearing *in forma pauperis*.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action should, therefore, be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE RECOMMENDED** that pursuant to Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure this action be dismissed without prejudice.

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: April 19, 2016

15-0911o Order 16 04 19 re RR Dismiss FTP.docx

James F. Metcalf
United States Magistrate Judge